SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**NICOLE M. BOCKELMAN, OSB #105934**
Assistant United States Attorney
Nicole.Bockelman@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:25-CR-00058-AB |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| LAMARCUS SHARROD THOMAS, | |
| Defendant. | |

## INTRODUCTION

Defendant fled from police in his vehicle while in possession of a firearm with an extended magazine. When his attempts to flee in his vehicle were unsuccessful, defendant ran from the police while armed, and did not stop until he became stuck in a marsh. Defendant committed the underlying offense while he was on probation in a drug case stemming from Georgia.

The facts of the instant offense combined with defendant's criminal history support the parties' joint recommendation of 27 months' prison followed by three years of supervised release. It is the government's position that 27 months' prison is sufficient but not greater than necessary to meet the court's goals in sentencing; this Court should impose the jointly recommended 27-month prison sentence with three years of supervised release.

**FACTUAL BACKGROUND**

A.    The Offense Conduct

On February 1, 2025, Deputy Cooley with the Washington County Sheriff's Office was on duty working DUII enforcement while on patrol. Deputy Cooley saw a white 2017 Audi that was running with its lights on while parked on the side of the road. Deputy Cooley saw it pull onto the road and saw the vehicle drive over the fog line and fail to maintain its lane multiple times. Deputy Cooley attempted to conduct a traffic stop and activated the patrol car emergency lights. The Audi refused to pull over and drove to the location of Meadow Drive in Washington County, Oregon.

The Audi stopped in a cul-de-sac and the driver, defendant, fled on foot. Deputy Cooley jumped out of the patrol car and yelled at defendant to show his hands. Defendant ran from Deputy Cooley, and Deputy Cooley ran after him, until they got to a 4-foot-tall chicken wire fence. Defendant tried to jump over the fence, and as he stumbled, Deputy Cooley saw a black pistol in his right hand. Deputy Cooley called on the radio "he has a gun". Defendant ran to a marsh area and started stumbling and falling in the mud.

Defendant got stuck in the marsh and was placed under arrest. The police did not find the gun on defendant and took defendant to a patrol car while they attempted to locate the gun. Post Miranda, police asked defendant where the gun was. Defendant said he couldn't breathe and

told Deputy Cooley that defendant believed Deputy Cooley was a robber. Deputy Cooley asked defendant about the gun again, and defendant shook his head no, and said he thought he was going to get robbed, and then asked, "what's going on?". Deputies found $20,001 in cash on defendant and learned he had an active warrant from Mississippi for a Robbery. A police canine, Blitz, was released to find the gun, and Blitz found the firearm in the field where defendant had been running. The gun was a Glock 19 with a tan 30-round extended magazine. The gun was seized and swabbed for DNA.



Defendant was taken to the WCSO east precinct and Deputy Cooley asked him what he was doing with a gun and whether he was just trying to protect himself. Defendant said, "that's the only thing anybody is going to do with it." Deputy Cooley asked if the gun fell from his pants while he was running and defendant said "yeah, that's ok".

**Government's Sentencing Memorandum**                                                                                           **Page 3**

    **B.    The Charge**

On October 8, 2025, defendant pleaded guilty to a single-count Indictment. Count 1 charged that on or about February 1, 2025, in the District of Oregon, defendant, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year: Robbery with a Deadly Weapon, in violation of Mississippi State Statute § 97-3-79, in Chickasaw County Court, on or about April 8, 2019; did knowingly and unlawfully possess the following firearm: a Glock 19 handgun with a 30-round extended magazine, serial number AVD689 which firearm had previously been shipped or transported in interstate or foreign commerce; in violation of 18 U.S.C. § 922(g)(1). PSR at ¶1.

    **C.  Guidelines Calculations**

The Pre-Sentence Report (PSR) determined defendant's base level to be 26 under USSG § 2K2.1(a)(1) and his total offense level to be 23 after all adjustments. PSR at ¶28. When calculating defendant's guideline sentencing range, the parties believed defendant had only one prior crime of violence and excluded defendant's prior Sale of a Controlled Substance-Marijuana conviction from Houston, Mississippi in 2019 as a prior controlled substance offense. Thus, the parties began at a Base Offense Level 22 instead of 26 under § 2K2.1(a)(3). The parties provided the three-level decrease for acceptance of responsibility under USSG § 3E1.1(a) and (b) as well as an additional two level decrease under 18 U.S.C. § 3553(a) because defendant indicated his willingness to resolve his case within the first trial setting and agreed to a joint recommendation, for a Total Offense Level of 17.

D. **Felony Criminal History**

| Crime | Conviction Date | Jurisdiction | Sentence |
|---|---|---|---|
| Robbery with a Deadly Weapon (Age 21) | 04/08/2019 | Chickasaw County Circuit Court, Mississippi | 12 years prison suspended; 5 years post-release supervision |
| Possession of Controlled Substance (Marijuana) with Intent to Sell, Transfer or Distribute; Sale of a Controlled Substance- Marijuana (Age 24) | 04/08/2019 | Chickasaw County Circuit Court, Mississippi | 8 years prison; 2 years suspended |
| Sale of Marijuana (Age 24) | 04/08/2019 | Chickasaw County Circuit Court, Mississippi | 3 years prison; 3 years suspended |
| Possession of Less than 2 grams of Oxycodone (Age 30) | 08/15/2024 | Rockdale County, Georgia | 10 years probation |

The total criminal history score for the above convictions is 5 and the corresponding Criminal History Category is III. USSG § 5, Part A; PSR at ¶ 37.

E. **Government's Recommended Sentence**

The parties jointly recommend 27 months' prison with three years of supervised release. The government makes this recommendation for two primary reasons: 1.) defendant committed his firearms related offenses despite the clear prohibition imposed by the court and 2.) defendant demonstrates an inability to comply with supervision terms, as demonstrated by the fact that he committed the instant offense while on probation.

First, the government urges the court to impose 27 months prison followed by 3 years of supervised release because this will meet the sentencing goals of punishment and deterrence to

address his possession of a Glock 19 with a 30-round extended magazine.  Defendant admitted that he possessed the firearm with the extended magazine to potentially protect himself.

The facts and circumstances surrounding how police found the firearm also illustrates defendant's knowledge of his firearm prohibition.  Defendant attempted to flee in his vehicle, and when that was unsuccessful, he attempted to flee on foot and was not detained until he got stuck in a marsh.  Defendant's blatant disregard for the firearms prohibition that accompanies his felony conviction merits the parties' joint recommendation of 27 months imprisonment.

A review of defendant's criminal history shows that he was on supervision at the time of the instant offense, which also explains why defendant fled so desperately from law enforcement.  Defendant was on supervision in connection with his Possession of Less than 2 Grams of Oxycodone conviction from Georgia as well as his Sale of a Controlled Substance-Marijuana conviction from Mississippi.  The jointly recommended 27 months' prison with three years of supervised release will provide punishment for defendant's possession of a firearm and will provide future deterrence to any similar conduct.

The parties recommend a prison sentence of 27 months followed by three years of supervised release because this is a sentence that is sufficient but not greater than necessary to comply with the four identified purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation. *Dean v. United States,* 137 S. Ct. 1170, 1175 (2017); 18 U.S.C. §3553(a).

The nature and circumstances of the underlying offense demonstrate to the court that the jointly recommended sentence of 27 months prison with three years of supervised release is an appropriate sentence in this case.   The jointly recommended 27-month prison term followed by three years' supervised release should be imposed.

**F. Forfeiture / Abandonment**

As part of his plea agreement, defendant agreed to abandon all right, title, and interest in and to the Glock 19 firearm, serial # AVD689 and all accessories and ammunition.

**CONCLUSION**

Based on the foregoing, the government urges that this Court impose the jointly recommended sentence of 27 months' prison, followed by three years' supervised release, subject to the standard conditions, plus the special conditions that have been recommended in the PSR, and imposition of a $100 fee assessment.

Dated: February 3, 2026.                    Respectfully submitted,

                                            SCOTT BRADFORD
                                            United States Attorney


                                            */s/ Nicole M. Bockelman*
                                            NICOLE M. BOCKELMAN, OSB #105934
                                            Assistant United States Attorneys